IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY POSTMA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:15-CV-03435-TWT |
| SOUTHERN PAN SERVICES | ) |
| COMPANY EMPLOYEE STOCK | ) |
| OWNERSHIP PLAN, *et al*. | ) |
| | ) |
|     Defendant. | ) |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Southern Pan Services Company Employee Stock Ownership Plan, Ken Dickey, and Jeremy Cantrill (collectively "Defendants"), hereby file their Answer to Plaintiff's Complaint.

## **PARTIES**

1.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's residency, and therefore deny these allegations. Upon information and belief, Defendants admit the remaining allegations in Paragraph 1 of the Complaint.

2.

Defendants admit the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.

Defendants admit that the Court has jurisdiction over this action and that venue is proper. Defendants specifically deny, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Defendants.

## FACTS

### The Plan

4.

Defendants admit that the Southern Pan Services Employee Stock Ownership Plan (the "Plan") is an Employee Stock Ownership Plan, and admit that Exhibit A to the Complaint is a copy of the Plan, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 4 of the Complaint inconsistent with said document. The remaining allegations in Paragraph 4 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

5.

The allegations in Paragraph 5 of the Complaint are references to the Plan attached as Exhibit A to the Complaint, which is the best evidence of its contents.

Defendants deny any allegations in Paragraph 5 of the Complaint inconsistent with said document.

6.

The allegations in Paragraph 6 of the Complaint are references to the Plan attached as Exhibit A to the Complaint, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 6 of the Complaint inconsistent with said document.

7.

The allegations in Paragraph 7 of the Complaint are references to the Plan attached as Exhibit A to the Complaint, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 7 of the Complaint inconsistent with said document.

8.

Defendants admit that Exhibit B to the Complaint is a copy of the Summary Plan Description ("SPD") as of January 1, 2014, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 8 of the Complaint inconsistent with said document.

9.

The allegations in Paragraph 9 of the Complaint are references to the SPD attached as Exhibit B to the Complaint, which is the best evidence of its contents.

Defendants deny any allegations in Paragraph 9 of the Complaint inconsistent with said document.

### Mr. Postma's ESOP Distribution Claim

10.

Upon information and belief, Defendants admit the allegations in Paragraph 10 of the Complaint.

11.

Defendants admit the allegations in Paragraph 11 of the Complaint.

12.

Defendants deny the allegations in Paragraph 12 of the Complaint.

13.

The allegations in Paragraph 13 of the Complaint are references to the letter attached as Exhibit C to the Complaint, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 13 of the Complaint inconsistent with said document. Defendants deny any remaining allegations in Paragraph 13 of the Complaint.

14.

The allegations in Paragraph 14 of the Complaint are references to the letter attached as Exhibit C to the Complaint, which is the best evidence of its contents.

Defendants deny any allegations in Paragraph 14 of the Complaint inconsistent with said document.

15.

Defendants deny the allegations in Paragraph 15 of the Complaint, and deny that any documents were required to be provided.

16.

The allegations in Paragraph 16 of the Complaint are references to the letter attached as Exhibit D to the Complaint, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 16 of the Complaint inconsistent with said document.  Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

17.

The allegations in Paragraph 17 of the Complaint are references to the letter attached as Exhibit D to the Complaint, which is the best evidence of its contents. Defendants deny any allegations in Paragraph 17 of the Complaint inconsistent with said document.  Defendants deny any remaining allegations in Paragraph 17 of the Complaint.

18.

The allegations in Paragraph 18 of the Complaint are references to the letter attached as Exhibit D to the Complaint, which is the best evidence of its contents.

Defendants deny any allegations in Paragraph 18 of the Complaint inconsistent with said document.

19.

Defendants deny the allegations in Paragraph 19 of the Complaint.

20.

In response to Paragraph 20 of the Complaint, Defendants admit that Plaintiff has not received his ESOP distribution, but deny the remaining allegations.

21.

Defendants deny the allegations in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations in Paragraph 23 of the Complaint.

24.

The allegations in Paragraph 24 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

## GOVERNING LEGAL PRINCIPLES

25.

The allegations in Paragraph 25 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

26.

The allegations in Paragraph 26 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

## COUNT I – AGAINST THE PLAN
## DECLARATORY JUDGMENT: 29 U.S.C. § 1132(a)(1)(B)

27.

Defendants incorporate by reference Paragraphs 1-26 of this Answer as if fully set forth herein.

29.[1]

In response to the allegations in Paragraph 29 of the Complaint, Defendants admit that Title 29 U.S.C. § 1132(a)(1)(B) provides that a participant may bring a civil action "(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

---

[1] The Complaint does not contain a Paragraph 28.

benefits under the terms of the plan." Defendants deny the remaining allegations therein.

30.

Defendants deny the allegations in Paragraph 30 of the Complaint.

## COUNT II – AGAINST THE PLAN
## CLAIM FOR BENEFITS: 29 U.S.C. § 1132(a)(1)(B)

31.

Defendants incorporate by reference Paragraphs 1-30 of this Answer as if fully set forth herein.

32.

The allegations in Paragraph 32 of the Complaint are legal conclusions which do not require a response.

33.

Defendants deny the allegations in Paragraph 33 of the Complaint.

34.

Defendants deny the allegations in Paragraph 34 of the Complaint.

## COUNT III – AGAINST THE PLAN ADMINSTRATORS
## DOCUMENT PENALTIES: 29 U.S.C. § 1132(c)

35.

Defendants incorporate by reference Paragraphs 1-34 of this Answer as if fully set forth herein.

36.

The allegations in Paragraph 36 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

37.

The allegations in Paragraph 37 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

38.

The allegations in Paragraph 38 of the Complaint refer to a document which is the best evidence of its contents.  Defendant denies any allegations in Paragraph 38 of the Complaint inconsistent with said document.

39.

Defendants deny the allegations in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations in Paragraph 40 of the Complaint.

41.

The allegations in Paragraph 41 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

## COUNT III
## ATTORNEYS' FEES: 29 U.S.C. § 1132(g)

42.

Defendants incorporate by reference Paragraphs 1-41 of this Answer as if fully set forth herein.

43.

The allegations in Paragraph 43 of the Complaint are legal conclusions which do not require a response, but to the extent a response is required, the allegations are denied.

44.

Defendants deny the allegations in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations in Paragraph 45 of the Complaint.

Regarding the "WHEREFORE" paragraph of the Complaint, Defendants deny that any relief is appropriate to Plaintiff whatsoever.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants hereby assert the following affirmative and other defenses:

1. Some or all of the relief sought by Plaintiff in the Complaint may be barred by the doctrines of laches, waiver, estoppel, unclean hands, and such other equitable defenses as are permitted by applicable law, and deductions, restrictions, and offsets in the applicable plan(s).

2.      At all times material to the Complaint, the Plan Administrator acted in good faith and in compliance with the terms and conditions of the Plan document(s) and discharged its duties with respect to the Plan document(s) in the interest of the participants and beneficiaries.

3.      Plaintiff's recovery, if any, is limited to the terms, conditions, limitations, and exclusions specified in the Plan.

4.      Plaintiff is not entitled to a de novo review under the facts and circumstances of this matter.

5.      Plaintiff's remedies, if any, are limited to the exclusive remedies available under the civil enforcement provisions of ERISA.

6.      To the extent the Complaint purports to assert claims for relief other than recovery of benefits allegedly due and interest thereon pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA, and for attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) of ERISA, the Complaint fails to state a plausible claim for relief for any such claims

7.      Defendants reserve the right to assert additional affirmative defenses should they become aware of them as this matter proceeds.

WHEREFORE, Defendants pray that the Court dismiss the Complaint with prejudice, enter judgment in their favor, award Defendants their attorneys' fees and costs, and award such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of March, 2016.

>/s/ Alison E. Loy
>Alison E. Loy
>Georgia Bar No. 544219
>Alison.Loy@jacksonlewis.com
>JACKSON LEWIS P.C.
>1155 Peachtree Street, NE, Suite 1000
>Atlanta, Georgia 30309-3600
>Telephone: (404) 525-8200
>Facsimile: (404) 525-1173
>
>René E. Thorne
>thorner@jacksonlewis.com
>JACKSON LEWIS P.C.
>650 Poydras Street, Suite 1900
>New Orleans, LA 70130
>Telephone: (504) 208-5827
>Facsimile: (504) 208-1759
>
>**Attorneys for Defendants**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY POSTMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 1:15-CV-03435-TWT |
| SOUTHERN PAN SERVICES | ) |
| COMPANY EMPLOYEE STOCK | ) |
| OWNERSHIP PLAN, *et al*. | ) |
| | ) |
| Defendant. | ) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2016, I electronically filed the foregoing **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF System which will automatically send notification of such filing to the following:

> Nancy B. Pridgen
> Patel Burkhalter Law Group
> 4045 Orchard Rd., Bldg. 400
> Atlanta, GA 30080

> */s/ Alison E. Loy*
> Alison E. Loy
> Georgia Bar No. 544219